Bokomba v. Sessions

BIA
Montante, IJ
A087 946 305

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand seventeen.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

URSULE MUNDIWA BOKOMBA,
        *Petitioner,*

    v.                                              15-2471
                                                    NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.**

_____

FOR PETITIONER:          Michael E. Marszalkowski, Buffalo, N.Y.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Jefferson B. Sessions III is automatically substituted for former United States Attorney General Loretta E. Lynch as Respondent. The Clerk of the Court is respectfully directed to amend the caption as above.

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Ursule Mundiwa Bokomba, a native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of a July 8, 2015, decision of the BIA affirming a February 4, 2013, decision of an Immigration Judge ("IJ") denying Bokomba's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ursule Mundiwa Bokomba,* No. A087 946 305 (B.I.A. July 8, 2015), *aff'g* No. A087 946 305 (Immig. Ct. Buffalo Feb. 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Considering the totality of the circumstances and all relevant factors, the trier of fact may base a credibility determination on "the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the consistency of such statements with other evidence of record," regardless of whether an inconsistency "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Contrary to the Government's contention, Bokomba has not waived her challenges to the agency's adverse credibility determination. In fact, as she argues, that determination is not supported by a totality of the circumstances.

Bokomba and her witness, Nioka, claimed that police in the DRC kidnapped and tortured them for exposing the widespread use of rape as a weapon of war in the northeastern provinces of the country, which they discovered during a government work trip in 2009. The IJ found Bokomba and Nioka repeatedly evasive when testifying in support of Bokomba's application, but of the IJ's examples of unresponsiveness, only one is reasonably

3

characterized as intentionally evasive: Nioka's refusal to respond to questions about whether she asked U.S. immigration officials at the Canadian border for asylum. On all other occasions when the IJ accused Bokomba or Nioka of being unresponsive and evasive, the record demonstrates that they either did not understand the question posed (they were responsive immediately upon rephrasing of the question) or were responsive, contrary to the IJ's conclusion.

The IJ's implausibility findings were also erroneous and did not support the adverse credibility determination. First, the IJ found it implausible that Bokomba and Nioka did not know of the widespread use of rape as a weapon of war before their 2009 trip because rape had been identified as a problem in State Department reports for at least a decade. This implausibility finding is not sufficiently tied to the record. The reports cited by the IJ supported rather than conflicted with Bokomba's and Nioka's testimony, with both the reports and testimony indicating that rape was reported as widespread in the eastern provinces of the DRC but not reported as widespread in the northeastern provinces. Furthermore, the IJ impermissibly speculated when he found implausible Bokomba's testimony that Canadian officials made her wait at the border for days and held

4

her at a place that did not seem like a detention facility. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005) ("[A]bsent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices."); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("The speculation that inheres in inference is not bald if the inference is made available to the factfinder by record facts . . . ." (internal quotation marks omitted)).

While the IJ correctly found that Bokomba testified inconsistently regarding how she obtained the photograph for her passport, that finding alone does not provide the substantial evidence needed to support an adverse credibility determination, particularly given that Bokomba's and Nioka's testimony, which spanned three days, was otherwise consistent. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because we cannot confidently predict that the agency would have made the same decision absent the identified errors with the adverse credibility determination, remand is required. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal

5

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

6